*In re* LONG *et al.*

(*Supreme Court, General Term, Second Department.* December 10, 1890.)

EMINENT DOMAIN—LANDS FOR SEWERAGE PURPOSES—OBJECTIONS OF LAND-OWNER.

Trustees of a village, authorized by Laws N. Y. 1887, c. 609, and laws amendatory thereof, to establish, subject to the approval of the state board of health, a system of sewerage for the village, and to determine the location of all sewers, and carry out all the details to accomplish the work, fixed upon a plan for such system, which was approved by the state board of health, and filed a petition, in due form, to acquire lands necessary for the sewer outlet. *Held,* that the owner of such land could not object on the ground that another system of sewerage would have been better, and should be adopted.

Appeal from special term, Westchester county.

Petition by Edward B. Long and others, constituting the board of trustees of the village of White Plains, to acquire certain lands, pursuant to Laws N. Y. 1887, c. 609, and the acts amendatory thereof, for the construction of a sewerage system for the village. From an order confirming the report of commissioners appointed to appraise the compensation for the property so taken, Charles Butler, an owner of one parcel of such property, appeals.

Argued before PRATT and BARTLETT, JJ.

*Willard Parker Butler,* for appellant. *H. T. Dykman,* for respondent.

PRATT, J. This is a proceeding on behalf of the board of trustees of the village of White Plains, Westchester county, to acquire lands necessary to be used by said village in the construction, completion, and maintenance of its sewers and sewerage system, pursuant to chapter 609 of the Laws of 1887, and acts amendatory thereto, and included therein. The proceeding was begun by filing the petition in the office of the clerk of the county of Westchester, on February 28, 1890. The petition and notice of motion for the granting of the same was served on the claimant on March 1, 1890. Upon the return-day of the notice on March 15, 1890, the claimant, Charles Butler, owner of parcel No. 11, enumerated in the petition, appeared by attorney, and objected to the appointment of commissioners, and interposed a verified answer. The issues so raised were tried at a special term for the trial of equity causes, before the Honorable J. F. BARNARD, P. J., at the county court-house, at Poughkeepsie, on March 18, 1890. Proofs were taken, and findings of fact and conclusions of law were made, by the court, and an order thereupon entered overruling and denying the issues raised by the said claimant herein by his said answer, and granting the prayer of the petition as to the real estate owned by said Charles Butler and described as said "Parcel No. 11," and appointing commissioners of appraisal to appraise and ascertain the compensation to be paid to said claimant for his said parcel No. 11. Thereafter the commissioners duly met and appraised and ascertained said compensation. From the order of confirmation the claimant appeals.

At the hearing at special term, no irregularity was shown either in the form of the petition or the proceedings connected therewith, or any failure of the trustees to perform their duties under the act of the legislature appointing them. These trustees were authorized to adopt and establish, sub-

ject to the approval of the state board of health, a permanent system of sewerage and drainage for the village of White Plains. The board was also authorized to determine the location of all sewers which may become necessary, and to fix and carry out all the details necessary to accomplish the work contemplated by the statute. The board did fix upon a plan, and it was approved by the state board of health. The board also, under the statute, had the power at any time to extend the sewer, or to do anything appurtenant thereto, and to change the plan with the approval of said board of health. It appeared at the hearing, without contradiction, that it was necessary to acquire the land in dispute, in order to carry out the plan adopted by the board, and approved by the board of health. What system of sewerage should be adopted was, under the statute, left to the determination of the trustees, subject, as before stated, to the approval of the board of health, and it cannot be attacked or changed by a property owner upon the ground that some other system would be better. The general rule in such case is that,. where the petitioner shows a reasonable necessity for the condemnation, the application should be granted. *In re New York, L. & W. Ry. Co.*, 35 Hun, 220, 99 N. Y. 12, 1 N. E. Rep. 27; *In re New York, C. & H. R. R. Co.*, 77 N. Y. 248. We think the petition was sufficient in form; that the land sought to be taken was necessary for the sewer outlet; and that no irregularity occurred in the proceedings sufficient to invalidate the order made therein. Order affirmed, with costs.